U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 16 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

WILLIAM M. BRYSON                    CIVIL ACTION NO. 06-0366
No. 95662-071

VS.                                  SECTION P

FREDERICK MENIFEE                    JUDGE DRELL

                                     MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court are applications for writ of *habeas corpus*
(28 U.S.C. §2241)[docs. 1 and 3] and Motions to Compel Credit and
Calculate Sentence(28 U.S.C. §1361) [docs. 8, 9, and 10] filed on
March 8, March 27, April 27, May 18, and May 19, 2006 by *pro se*
petitioner William M. Bryson. Petitioner is an inmate in the
custody of the Federal Bureau of Prisons. He is incarcerated at
the United States Penitentiary, Pollock, Louisiana where he is
serving a 188 month sentence imposed following his convictions on
various charges[1] in the United States District Court for the
District of South Carolina. See United States of America v.
William M. Bryson, Jr., No. 8:01-cr-00240.

This matter was referred to the undersigned for review,

---

[1] Petitioner was convicted of conspiracy (18 U.S.C. §371), mail fraud
(18 U.S.C. §1341), making false statements (18 U.S.C. §1001), money laundering
(18 U.S.C. §§1956, 1957), conspiracy to launder money (18 U.S.C. §1956(h)),
threatening to assault a federal official (18 U.S.C. §115), and mailing a
threatening communication (18 U.S.C. §876). See United States of America v.
William M. Bryson, Jr., 105 Fed. Appx. 470, 473, 2004 WL 1637371 (4th Cir.
2004)(unpublished).

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition and accompanying motions be **DENIED** and **DISMISSED WITH PREJUDICE**.

### STATEMENT OF THE CASE

Petitioner was convicted of the offenses referred to above on January 30, 2002. See United States of America v. William M. Bryson, Jr., No. 8:01-cr-00240 at doc. 114. On June 18, 2002, he was sentenced to serve sentences totaling 188 months. His convictions and sentences were, for the most part, affirmed on appeal to the Fourth Circuit Court of Appeals. See United States of America v. William M. Bryson, Jr., 105 Fed. Appx. 470, 473, 2004 WL 1637371 (4th Cir. 2004)(unpublished).

Petitioner filed Motions for a New Trial pursuant to Fed. R.Crim.P. Rule 33. The motions were denied by the district court and the denials were affirmed by the Fourth Circuit Court of Appeals. See United States of America v. William M. Bryson, Jr., 106 Fed. Appx. 840, 2004 WL 1857603 (4th Cir. August 19, 2004)(unpublished) and United States of America v. William M. Bryson, Jr., 109 Fed. Appx. 641, 2004 WL 2204034 (4th Cir. September 29, 2004) (unpublished).

During the pendency of his appeal, petitioner filed two §2255 Motions in the District Court. Both were dismissed without prejudice because petitioner's appeal was pending. [See United

States of America v. William M. Bryson, Jr., 8:02-cv-2634
(U.S.D.C. - S.Car.) at doc. 2; and, United States of America v.
William M. Bryson, Jr., 8:03-cv-0706 at doc. 2] His Petition for
Writ of Error *Coram Nobis* filed on August 26, 2003 was construed
as a §2255 Motion and was also dismissed. United States of
America v. William M. Bryson, Jr., 8:03-cv-2721. His appeal of
that judgment was affirmed by the Fourth Circuit in an
unpublished per curiam opinion on February 25, 2004. See Bryson,
v. United States, No. 03-7414.

On February 2, 2006 petitioner filed a §2241 petition for
writ of *habeas corpus* in the United States District Court for the
Northern District of Georgia. He challenged the constitutionality
of his convictions in the United States Court in South Carolina
and claimed that the sentencing court improperly applied the
sentencing guidelines and increased his offense level in
violation of the Supreme Court's decision in United States v.
Booker, 543 U.S. 220 (2005). Since petitioner was unable to
demonstrate that the remedy afforded by §2255 was ineffective or
inadequate, the habeas petition was denied and dismissed on April
19, 2006. See William M. Bryson, Jr. v. United States of
America, No. 1:06-cv-0233 (U.S.D.C. - N. Ga.) at docs. 3 and 4.

Petitioner filed his original petition for habeas corpus in
this court on March 8, 2006. In this petition, he claimed that
the evidence was insufficient to convict him, that he was not

guilty of mail fraud, that he did not "swindle" his victims, that at best he was guilty of misdemeanor theft under the laws of South Carolina, and, that the trial court incorrectly computed his sentence by applying the wrong edition of the sentencing guidelines. [doc. 1]

On March 27, 2006 petitioner filed an amended petition utilizing the form for §2241 petitions supplied to federal prisoners. He argued the following claims for relief: (1) "To correct pursuant to 18 U.S.C. Section 3742(a)(2), an incorrect application of [United States Sentencing Guidelines] 1B1.11(b)(2) in computing petitioner's sentence on May 22, 2002." [doc. 3] He concluded his petition as follows, "Therefore it is submitted that the sentence imposed by the sentencing court was the result of an incorrect application of 1B1.11(b)(1) ... because the manual in its entirety was not followed as required ... thereby resulting in an incorrect sentence as prohibited in statute 3742(a)(2)..." [id.]

On April 27, 2006 petitioner filed a "1361 Motion to Compel Credit and Certificate of Service." Therein he requested that the BOP be compelled to "credit petitioner's incarceration period with the time petitioner was held in official detention by the State of South Carolina ..." He then argued again that he is not guilty of the crimes of conviction. [doc. 8]

On May 18, 2006 petitioner filed a "Petition for Calculation

of Sentence Pursuant to 28 United States Code Section 1361 and
United States Sentencing Guidelines Section 1B1.11(a)". Therein
he asks the court to compel the United States Pardon Attorney
"...provide the terms pursuant to USSG Section 1B1.11(b)(2) of
the severity of petitioner's sentence since Respondent himself
submitted that a constitutional violation caused a more onerous
sentence than the sentence calculated pursuant to Section
1B1.11(a)..." [doc. 9] He concluded this pleading with a request
for "reduction of sentence." [*id.*]

On May 19, 2006 petitioner filed a "Petition for Addendum to
Note the 1B1.11(b)(2) Comparison Required In a 1B1.11(a)." [doc
10] Therein petitioner again argued that the sentencing court
applied the wrong guidelines when it imposed his sentence.

### LAW AND ANALYSIS

1. 28 U.S.C. §2241 and the "Savings Clause"

The initial inquiry is whether or not petitioner's claims
may be properly raised in a § 2241 *habeas corpus* petition.
Section 2241 is generally used to challenge the manner in which a
sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th
Cir.2000). On the other hand, 28 U.S.C. §2255, provides the
process which allows federal inmates to collaterally attack the
legality of their convictions or sentences. See Cox v. Warden,
Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Errors that
occurred at sentencing may not be asserted in a § 2241 petition

unless they arise under the savings clause of 28 U.S.C. § 2255.
See Padilla v. United States, 416 F .3d 424, 426-27 (5th Cir.
2005).

Thus, Federal prisoners may use §2241 to challenge the
legality of their convictions or sentences but only if they
satisfy the § 2255 "savings clause." See Reyes-Requena v. United
States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause"
provides that a federal convict may file a writ of habeas corpus
pursuant to §2241 if the §2255 motion's remedy is "inadequate or
ineffective to test the legality of his detention." See 28 U.S.C.
§ 2255. A prisoner seeking such relief under the "savings clause"
must establish that: (1) his claim is based on a retroactively
applicable Supreme Court decision which establishes that he may
have been convicted of a nonexistent offense, and (2) his claim
was foreclosed by circuit law at the time when the claim should
have been raised in his trial, appeal, or first § 2255 motion.
Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden
of demonstrating that the §2255 remedy is inadequate or
ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th
Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The
fact that a prior §2255 motion was unsuccessful, or that the
petitioner is unable to meet the statute's second or successive
requirement, does not make § 2255 inadequate or ineffective.
Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878

(5th Cir.2000).

In his original petition filed on March 8, 2006 [doc. 1], petitioner argued that the evidence was insufficient to convict him, that he did not "swindle" his victims and that the trial court incorrectly computed his sentences by applying the wrong edition of the United States Sentencing Guidelines. In the amended petition filed on March 27, 2006 he again claimed that the trial court erred in computing his sentence. [doc. 3] In his April 27, 2006 pleading (styled as a motion pursuant to 28 U.S.C. §1361) he both claimed credit for time served in the custody of the State of South Carolina, and, argued that he was not guilty of the crimes that have resulted in his imprisonment. [doc. 8] In the pleading filed on May 18, 2006 petitioner again sought mandamus directed at the Pardon Attorney but based his pleading on the fact that the trial court had miscalculated his sentence under the United States Sentencing Guidelines. [doc. 9] Finally, in the pleading filed on May 19, 2006 petitioner again argued that the trial court erred when it imposed sentence. [doc. 10]

The claims which attack his convictions and the imposition of sentence, i.e, the claims raised in the original petition for habeas corpus [doc. 1], the amended petition [doc. 3], and the pleadings which argued trial court error arising during the imposition of sentence [docs. 8, 9, and 10] are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore

petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of nonexistent offenses. Nor has he shown that the claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or Motions to Vacate.

Therefore, he cannot proceed under the "savings clause" and his petition for writ of *habeas corpus* [doc. 1], his amended petition for habeas corpus [doc. 3], his motion for mandamus (to the extent that the motion argues his actual innocence) [doc. 8], his second motion for mandamus [doc. 9] and his second amended petition [doc. 10] must be dismissed.

### 2. Mandamus

In his *mandamus* motion filed on April 27, 2006, petitioner argues that he is entitled to an order directing the BOP to credit time served in the custody of the State of South Carolina

toward his federal sentence. [doc. 8] Petitioner implies that he is entitled to this relief based upon 28 U.S.C. §1361 which provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel ... any agency [of the United States] to perform a duty owed to the plaintiff."

Nevertheless, petitioner has provided insufficient factual support for this claim. He contends that the BOP should be compelled "...to credit Petitioner's incarceration period with the time petitioner was held in official detention by the State of South Carolina..." but he does not provide any information to substantiate that he was in fact held in detention by the State of South Carolina. Further, federal law is clear, a federal prisoner's sentence is presumed to run consecutively to his previously imposed state sentence in the absence of a specific directive to the *contra* by the federal court. See 18 U.S.C.A. §3584(a); Free v. Miles, 333 F.3d 550 (5th Cir. 2003). The undersigned has reviewed the sentencing minutes in the matter of United States of America v. William M. Bryson, Jr., No. 8:01-cr-00240 at doc. 137, June 18, 2002. Those minutes are silent on the issue of whether or not petitioner should be afforded credit for time served in the custody of the State of South Carolina. Therefore, in the absence of a specific directive, it is presumed that petitioner is not entitled to credit for time served in South Carolina custody. He is therefore not entitled to the

relief he seeks.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petitions for Writ of *Habeas Corpus* [docs. 1,3,8,9, and 10] be **DENIED** and **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER RECOMMENDED THAT** petitioner's Motions to Compel and Calculate Sentence [docs. 8, 9, 10] be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 16 day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE